```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

JIMMY DERAND HATTEN,

        Plaintiff,

vs.                                     Case No. 2:03-cv-114-FtM-29DNF

RICHARD DAVIS, FORT MYERS CITY POLICE DEPARTMENT,

        Defendant.
_____

### OPINION AND ORDER

    This matter comes before the Court on Defendants' Motion to Dismiss and Incorporated Memorandum of Law (Doc. #27) filed on April 5, 2005. Plaintiff filed a Response (Doc. #36) on November 14, 2005.

    The Complaint (Doc. #1) asserts a claim for the excessive use of force by a police officer (Doc. #1, p. 8). It alleges that on December 24, 1999, defendant Richard Davis (Davis), a police officer with co-defendant Fort Myers City Police Department (FMCPD), drove his police cruiser into plaintiff's bicycle "from the rear, knocking [plaintiff] too [sic] the ground causing injuries to left knee, lower back, head and neck...", thereby effecting an illegal stop. (Doc. #1, p. 9). As plaintiff's Response states, plaintiff's claim is that Officer Davis intentionally ran him over with his police cruiser. In response, defendants filed a motion to dismiss in which they argue (1) the

FMCPD is not a proper defendant; (2) plaintiff's claim is time-barred; and (3) service of process is insufficient.

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint simply must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

**A.   Fort Myers City Police Department as a Proper Defendant**

Defendants contend, pursuant to Fed. R. Civ. P. 12(b)(6), that plaintiff fails to state a § 1983 claim against the FMCPD because it is not a legal entity capable of being sued under Florida law. (Doc. #27, pp. 1-3). The Eleventh Circuit has noted that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). However, "capacity to sue or be

sued shall be determined by the law of the state in which the district is held." Id. (citing Fed. R. Civ. P. 17(b)). Under Florida law, municipalities have the power to sue and be sued, see Art. VIII, § 2(b), Fla. Const.; FLA. STAT. § 166.021, but this does not necessarily extend to a police department. "Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." Florida City Police Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d DCA 1995)(quoting Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989)).

The Court is limited to the pleadings and any attachments thereto in ruling on the motion to dismiss. Unlike Corcoran, which relied on an affidavit attesting that the police department was not a legal entity and did not have any legal existence separate and apart from the municipality itself, the Court cannot determine from the face of the Complaint whether the FMCPD is a legal entity subject to suit. While such status seems unlikely, defendant has not cited any Florida or Eleventh Circuit case law supporting the proposition that a police department is always considered an integral part of the city government through which the municipality fulfills its policing functions. As such, the motion to dismiss the FMCPD from the action is due to be denied.

**B.  Plaintiff's § 1983 Claim is not Time-barred**

Defendants contend that, pursuant to Fed. R. Civ. P. 12(b)(1), the Complaint should be dismissed in its entirety because plaintiff's § 1983 claim is time-barred. The Court finds defendant's argument has no merit.

"Section 1983 claims are governed by the forum state's residual personal injury statute of limitations...." City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002). In this case, Florida's four-year statute of limitations applies to plaintiff's claim of deprivation of rights under 42 U.S.C. § 1983. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Fed. R. Civ. P. 3 governs the commencement of an action, and states: "A civil action is commenced by filing a complaint with the court." "Filing with the Court" is defined as filing with the Clerk of the Court. Fed. R. Civ. P. 5(e). Plaintiff filed the Complaint on March 10, 2003. (Doc. #1). Because the alleged injury occurred on December 24, 1999, the statute of limitations period did not expire until December 24, 2003. The Court therefore finds that plaintiff commenced his civil action within the limitations period.

**C.  Service of Process was Sufficient**

Defendants move to dismiss the action because plaintiff failed to timely perfect service of process. Defendants contend that, while they signed waivers of service of process, defendants retained their defenses and objections. Specifically, defendants

argue that service of the summons and a copy of the Complaint was not made on defendants within 120 days after the filing of the complaint, as required by Fed. R. Civ. P. 4(m).

On August 23, 2004, the Court noted that plaintiff had been in a mental hospital and was in prison, and granted plaintiff's request to extend time to complete service of process forms. (Doc. #13). Plaintiff timely completed the appropriate papers, and on February 2, 2005, the Court directed the United States Marshal to serve, *inter alia*, the Complaint and waiver of service of summons on defendants. (Doc. #19). The Court finds good cause and other sufficient grounds exists in this case, will exercise its discretion to grant an extension of time for service of process, and will deem the service to be timely. Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132-33 (11th Cir. 2005).

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Dismiss (Doc. #27) is **DENIED**. Defendants shall file an Answer to the Complaint within **TWENTY (20) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   29th   day of November, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record